### LEACH v. HAIGHT et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

DISCOVERY—INSPECTION OF BOOKS.

An inspection to enable plaintiff to frame a complaint in an action to recover money alleged to have been misappropriated will not be granted where the petition states that defendants misappropriated plaintiff's money between certain dates, and that plaintiff left with them a certain sum, as these were the only facts necessary to be set up in the complaint, and it is not necessary for plaintiff to know of whom defendants bought stock for her account between the dates named, or to whom they sold securities on her account, that being merely matter of evidence.

Appeal from special term, New York county.

Action by Adele W. Leach against Friend C. Haight and others to recover damages for the conversion of money. From an order directing an inspection and discovery of certain books of account, defendants appeal. Reversed.

Plaintiff's petition for the discovery is as follows:

The petition of Adele W. Leach respectfully shows: That she is the plaintiff in the above-entitled action, which is brought for the purpose of recovering damages against the defendants for the misappropriation of the moneys of your petitioner. That the said defendants are co-partners in the business of buying and selling stocks and other securities, as agents and brokers, on commission, and, as such agents and brokers for the plaintiff, received certain moneys of her, for the purpose of buying and selling certain stocks and other securities, between the 28th day of August, 1895, and the 9th day of November, 1895, to the amount of twenty-five thousand dollars. That said action is about to be commenced by the service of the summons and complaint therein, and a copy of the summons there-

in is hereto annexed. That it is necessary for your petitioner, in order to enable her to frame her complaint, to obtain a discovery or inspection of certain books, to wit, the order book and journal of the defendants, which said books relate to the merits of said action, and are in the control and possession of the said defendants; and your petitioner has no means whatsoever of obtaining the said facts and information, save from an inspection of said books. That the information sought to be obtained from the discovery and inspection of said books is as follows: Of whom the defendants bought certain stocks, securities, and other values, for account of your petitioner, between the 28th day of August. 1895, and the 9th day of November, 1895, and to whom they sold certain stocks, securities, and other values, for account of your petitioner, between the 28th day of August, 1895, and the 9th day of November, 1895; and that said books contain such information. That your petitioner has demanded of the defendants the said facts and information, and leave to inspect said books; but said defendants have utterly failed, refused, and neglected to give to your petitioner said facts and information, or to give your petitioner leave to make such inspection. Wherefore your petitioner prays that this court may grant an order that the said defendants produce and discover the said books, or require said defendants to give your petitioner an inspection and copy of said books, so far as they contain the transactions between your petitioner and said defendants, or permission to take a copy thereof. And your petitioner will ever pray.

Dated New York, March 10th, 1896.        Adele Warner Leach.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. W. Simpson, for appellants.

William J. Lippmann, for respondent.

PER CURIAM. This order must be reversed. There was absolutely nothing shown to entitle the plaintiff to an inspection of books and papers in order that she might prepare her complaint, but, on the contrary, the very petition which she presented to the court shows that she was in possession of every fact or circumstance that would be necessary for her to know in order that a formal complaint might be prepared. She states that the defendants misappropriated her moneys between the 28th of August, 1895, and the 9th day of November, 1895, and that she left with them during that period the sum of $25,000. Those are the only facts necessary to set up in a complaint. The allegation in her petition that it is necessary for her to know of whom the defendants bought stocks or securities for account of the plaintiff between the dates named, and to whom they sold securities on her account, is unavailing. That is mere matter of evidence, which has no place in the complaint at all. It is not stated anywhere in the petition that it is necessary to examine these books even for the purpose of ascertaining what amount of damages to claim in a complaint, but the whole thing has the appearance of a project to search through the defendant's books to find out whether the plaintiff has a cause of action or not.

The order is reversed, with $10 costs, and the motion for the inspection of books and papers is denied, with $10 costs.